IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BUILDERS BANK,** | : <br> : <br> : |
| Plaintiff, | : <br> : |
| -vs- | : Case No. 1:12-cv-02054GBD <br> : |
| **THE HIGHLINE PARK, LLC, DAVID KISLIN and LEO TSIMMER and JOHN DOES 1-3,** | : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## COMPLAINT FOR FORECLOSURE

### Nature of the Action

1.  Plaintiff, **Builders Bank** ("Builders"), brings this civil action to foreclose on certain property in the City of New York.

### Jurisdiction

2.  Jurisdiction of this Court is provided for by 28 U.S.C. § 1332(a)(1), which gives United States District Courts original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. Here, the citizenship of Plaintiff (Illinois) and Defendants (New York) is completely diverse. Plaintiff seeks more than $75,000.00, in that it seeks a judgment for amounts due from Defendants in excess of $800,000.00, as more fully detailed below.

## Venue

3. Venue is proper in the Southern District of New York under Section 1391(a) which provides that where jurisdiction is founded only on diversity, a civil action may be brought in a judicial district where any defendant resides if all defendants reside in the same state or a judicial district in which…a substantial part of property that is the subject of the action is situated. As more fully described below, all Defendant parties are citizens of New York and the property which is the subject of this action lies within the Southern District of New York.

## Plaintiff

4. Plaintiff, Builders Bank, is an Illinois Bank with principal offices in Chicago, Illinois.

## Defendants

5. a) Defendant **The Highline Park, LLC** ("Highline") is a New York Limited Liability Company. Its sole member is another New York Limited Liability Company, **Sleepy Hudson, LLC**. The members of Sleepy Hudson, LLC are **David Kislin** ("Kislin") and **Leo Tsimmer** ("Tsimmer"). Defendants Kislin and Tsimmer are individual residents of New York, New York.

b) **John Does 1-3** are unknown residents of the property at 519 W. 23rd Street in New York, New York.

## Causes of Action

## Count I

6. This matter concerns property located in the Southern District of New York with a street address of 519 W. 23rd Street, New York, New York and a legal description as follows:

The condominium Unit (in the Building located at and known as and by Street number 519 West 23rd Street, New York, New York) known as 519 West 23" Street Condominium designated and described as Unit R2, R10 and PH (hereinafter called the "Unit") in the Declaration (hereinafter called the "Declaration") made by the sponsor (as identified in the Declaration) under the Condominium Act of the State of New York (Article (9-B of the Real Property Law of the State of New York), dated 7/167/07 and recorded 8/28/07 in the Office of the Register of the City of New York, County of New York, in CRFN 2007000444854, establishing a plan for condominium ownership of said Building and the land upon which the same is erected (hereinafter sometimes collectively called the "Property") and also designated and described as tax lot number 1102 (Unit R2) 1110 (Unit R10), 1111 (Unit PH) Block 695 Section 3, Borough of Manhattan on the Tax Map of the Real Property Assessment Department of the City of New York and on the floor plans of said Building certified by Alexander Compagno & Associates and filed 8/28/07 as Condominium Plan No. 1752 on 8/28/07 in the aforesaid Register's office; Map CRFN 2007000444853.

TOGETHER with an undivided 7.73% (Unit R2), 8.78% (Unit R10) and 18.89% (Unit PH) percent interest in the common elements of the property as described in the Declaration. The land upon which the Building containing the Unit is erected is described as follows:

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, County of New York, City and State of New York and being more particularly bounded and described as follows:

BEGINNING at a point on the northerly side of 23rd Street distant westerly from the corner formed by the intersection of the northerly line or side of 23" Street with the westerly line or side of 10th Avenue, 175 feet;

RUNNING THENCE northerly 98 feet 8 inches parallel with said 10th Avenue to the center line of the block;

RUNNING THENCE westerly parallel with 23rd Street and along said center line of the block, 25 feet;

THENCE southerly and again parallel with said 10th Avenue 98 feet 8 inches to the northerly side or line of 23rd Street;

THENCE easterly along said northerly side or line of 23rd Street 25 feet to the point or place of BEGINNING.

Said premises being lot no. 635 on a certain map recorded in the Office of the Register of the City and County of New York in Liber 310 of conveyances at page 260 entitled "Map of Land Belonging to Clement C. Moore at Greenwich, in the City of New York" supplementary to the Map recorded in the office of the Register in and for the City and County for New York in Liber 235 of conveyances page 556 and 557.

7. Certain transactions affecting that subject property occurred before November 24, 2008. They were as follows:

1) Mortgage made by SLEEPY HUDSON LLC to THE TRUST COMPANY OF NESW JERSEY dated November 14, 2003 in the original principal amount of $1,715,000.00 recorded December 3, 2003 CRFN #2003000484800 (mortgage tax paid $47,162.50) assigned to BUILDERS BANK by assignment dated March 1, 2005 recorded April 27, 2005 in CRFN 2005000244046;

2) Mortgage made by THE HIGHLINE PARK, LLC to BUILDERS BANK dated March 28, 2005 in the original principal amount of $280,000.00 recorded April 27, 2005 in CRFN 2005000244047 (mortgage tax paid $7,700.00) consolidated by its terms with mortgage #1 to form a single indebtedness of $1,995,000.00;

4

    3) Mortgage made by THE HIGHLINE PARK, LLC to BUILDERS BANK dated March 28, 2005 in the original principal amount of $6,505,000.00 recorded April 27, 2005 in CRFN 2005000244048 (mortgage tax paid $178,887.50);

    4) Mortgage made by THE HIGHLINE PARK, LLC to BUILDERS BANK dated June 22, 2006 in the original principal amount of $3,200,000.00 recorded July 7, 2006 in CRFN 2006000388003 (mortgage tax paid $89,600.00);

    5) Mortgage made by THE HIGHLINE PARK, LLC to BUILDERS BANK dated August 1, 2006 in the original principal amount of $2,000,000.00 recorded August 16, 2006 in CRFN 2006000464537 (mortgage tax paid $56,000.00);

    6) Mortgage made by THE HIGHLINE PARK, LLC to BUILDERS BANK dated March 19, 2007 in the amount of $1,100,000.00 recorded March 27, 2007 in CRFN 2007000158414 (mortgage tax paid $30,800.00)

    8.    On November 24, 2008, Builders Bank and Highline entered into a transaction intended to consolidate all of the outstanding notes and mortgages and combine those amounts with a new mortgage for a total indebtedness of $3,250,000.00.  Attached hereto as Exhibits A and B, respectively, are the Consolidated Note and Consolidated First Mortgage, Security Agreement and Fixture Filing.

    9.    Paragraph 12 of the Consolidated Note (Exhibit A) states that:

> <u>Consolidated and Restated Note.</u>  This Note is given in substitution for, and consolidates, modifies, amends and restates, and as consolidated, modified, amended and restated supersedes the certain notes, bonds and other agreements (collectively, the "Original Note") evidencing the debt secured by the following notes:  (i) dated November 14, 2003 made by Sleepy Hudson LLC to The Trust Company of New Jersey in the original principal sum of

$1,715,000.00; (ii) dated March 28, 2005 made by The Highline Park, LLC to Builders Bank in the original principal sum of $280,000.00; (iii) dated March 28, 2005 made by The Highline Park, LLC to Builders Bank in the original principal sum of $6,505,000.00; (iv) dated June 22, 2006 made by The Highline Park, LLC to Builders Bank in the original principal sum of $3,200,000.00; (v) dated August 1, 2006 made by The Highline Park, LLC to Builders Bank in the original principal sum of $2,000,000.00; and (vi) dated March 19, 2007 made by The Highline Park, LLC to Builders Bank in the original principal sum of $1,100,000.00, all such notes are now held by the Lender, which Original Note when consolidated and restated by this Note evidences an outstanding principal indebtedness of $3,250,000.00 on the date of this Note.  This Note is not in payment, novation, satisfaction or cancellation of the Original Note, or of the indebtedness evidenced and secured thereby, and such indebtedness is hereby ratified and confirmed by the Borrower.  It is expressly understood and agreed that this Note is given in part to consolidate and restated the terms of the Original Note (with the same intent and with like effect as if one promissory note had been made, executed and delivered by Borrower to Lender containing the terms hereof), and that no part of the indebtedness evidenced by the Original Note shall be discharged, cancelled or impaired by the execution and delivery of this Note.

10.  Page 5 of the Consolidated First Mortgage provides that:

This Mortgage is hereby consolidated with the following Mortgages:

1) Mortgage made by SLEEPY HUDSON LLC to THE TRUST COMPANY OF NESW JERSEY dated November 14, 2003 in the original principal amount of $1,715,000.00 recorded December 3, 2003 CRFN #2003000484800 (mortgage tax paid $47,162.50) assigned to BUILDERS BANK by assignment dated March 1, 2005 recorded April 27, 2005 in CRFN 2005000244046;

2) Mortgage made by THE HIGHLINE PARK, LLC to BUILDERS BANK dated March 28, 2005 in the original principal amount of $280,000.00 recorded April 27, 2005 in CRFN 2005000244047 (mortgage tax paid $7,700.00) consolidated by its terms with mortgage #1 to form a single indebtedness of $1,995,000.00;

3) Mortgage made by THE HIGHLINE PARK, LLC to BUILDERS BANK dated March 28, 2005 in the original principal amount of $6,505,000.00 recorded April 27, 2005 in CRFN 2005000244048 (mortgage tax paid $178,887.50);

4) Mortgage made by THE HIGHLINE PARK, LLC to BUILDERS BANK dated June 22, 2006 in the original principal amount of $3,200,000.00 recorded July 7, 2006 in CRFN 2006000388003 (mortgage tax paid $89,600.00);

5) Mortgage made by THE HIGHLINE PARK, LLC to BUILDERS BANK dated August 1, 2006 in the original principal amount of $2,000,000.00 recorded August 16, 2006 in CRFN 2006000464537 (mortgage tax paid $56,000.00);

6) Mortgage made by THE HIGHLINE PARK, LLC to BUILDERS BANK dated March 19, 2007 in the amount of $1,100,000.00 recorded March 27, 2007 in CRFN 2007000158414 (mortgage tax paid $30,800.00)

The aggregate unpaid principal balance of mortgages 1 to 6 is $3,058,214.51

Mortgages 1 to 6 above will be referred collectively henceforth as "Prior Mortgage".

Which above Prior Mortgage in the aggregate unpaid amount of $3,058,214.51 is hereby consolidated with this Mortgage of $191,785.49 to form one mortgage obligation of $3,250,000.00 with the same intent and with like effect as if one first mortgage covering the Premises had been duly made, executed and delivered by Mortgagor to Mortgagee containing the terms and conditions contained herein completely and entirely supersede the terms and conditions in the Prior Mortgage as to the whole consolidated sum of $3,250,000.00.

11. Although the original collateral for the November 24, 2008 transaction included Units R2, R10 and PH [penthouse], Plaintiff subsequently issued partial releases for Units R2 and R10, those units having been sold and Plaintiff having

7

received its agreed upon payment for each unit, leaving as collateral only the PH (or penthouse) unit.

12. The Note referred to in paragraphs 8 and 9 above was to be paid in monthly installments with interest calculated at the higher of 8% per annum or 1.5% in excess of the Prime Rate of interest announced by Bank of America, N.A. from time to time. Interest after default was fixed at 24% per annum. (See Consolidated Note, Exhibit A, ¶¶ 2.1 and 2.2).

13. The maturity date of the Note was fixed as October 5, 2011. (See Consolidated Note, Exhibit A, ¶ 2.1).

14. Repayment of the sums due Plaintiff under the Note was guaranteed personally by Defendants Kislin and Tsimmer by written guarantee dated November 24, 2008. (See Exhibit C, attached).

15. The Note matured on October 5, 2011, but neither Defendant Highline nor Defendants Kislin or Tsimmer paid the amount due thereunder.

16. On November 14, 2011, Plaintiff declared Defendant in default, accelerated the loan, and made demand for full payment. (See Exhibit D, attached).

17. On December 23, 2011, Plaintiff demanded that Defendant deliver all rents (assigned by Defendant to Plaintiff under an Assignment of Rents dated

March 28, 2005—See Exhibit E, attached) and other income from the property to Plaintiff. (See Exhibit F, attached).

18. Despite Plaintiff's demands upon Defendant to pay the matured note and the rents, neither Defendant Highline nor Defendants Kislin and Tsimmer have made any payment to Plaintiff.

19. The mortgage was duly recorded in the Office of the City Register of the City of New York on December 5, 2008, as CRFN No. 2008000466444, and the appropriate tax was paid.

20. The mortgage provides that "[i]f an event of Default occurs, Lender may, at its option, declare the whole of the indebtedness to be immediately due and payable without further notice to Borrower, with interest thereon accruing from the day of such [e]vent of [d]efault until paid at the [d]efault rate. (See Exhibit B, p. 20, ¶ 16; Exhibit A, p. 1, ¶ 2.2).

21. The mortgage further provided that the holder thereof in any action to foreclose it, should be entitled, without regard to the adequacy of the security for the debt, to the appointment of a receiver of the rents and profits of the mortgaged premises. (Exhibit B, p. 34, ¶ (c)).

22. The mortgage further provides that in case of a sale on foreclosure, the premises might be sold in one parcel. (Exhibit B, p. 35, ¶ (e)).

9

23. Plaintiff, Builders Bank, is still the owner and holder of the Note and Mortgage attached as Exhibits A and B, respectively.

24. Defendant Highline and Defendants Kislin and Tsimmer have each failed to comply with the terms of the Note and Mortgage by failing to pay the full sums due on or before the maturity date of October 5, 2011, and by failing to pay the rents collected after demand therefor.

25. There is now due (as of March 15, 2012) from Defendants in accordance with their obligations, the following amounts:

   a) Entire Principal Balance:           $842,747.70
   b) Note Interest Rate:                 $30,151.63
   c) Default Interest Rate:              $60,303.28
   d) Late Charges:                       $42,708.58
   e) Reimbursable Expenses:                 $418.00

26. During the pendency of this action, the Plaintiff may be compelled, in order to protect the mortgaged premises and the lien of the mortgages, to pay taxes, assessments, tax claims, water and sewer rates, fire insurance premiums, and other expenses of preservation of premises and the Mortgage, which Plaintiff demands be added to the amount due Plaintiff herein and be paid from the proceeds of sale of said mortgaged premises, together with interest thereon from time of such payment.

27. John Does 1 to 3 are persons whose real names are unknown, who may be tenants of the premises described herein, or occupy or may occupy premises described herein, and are made parties to this action by virtue of their occupancy, their tenancies or possible occupancies or tenancies.

28. Each and all of the Defendants have, or claim to have, some interest in or lien upon the mortgaged premises or some part thereof, which interest or lien, if any, is subject and subordinate to the lien of the notes and mortgages held by the Plaintiff.

29. The Plaintiff shall not be deemed to have waived, altered, released or changed the election to call the Mortgages for payment in full and to commence this action by reason of the payment after the date of the commencement of this action or after the calling of the mortgages for payment in full, of any or all of the defaults mentioned herein; and such election to call for the payment of the mortgages in full shall continue and remain until all amounts due under the notes and mortgages and all costs and disbursements are fully paid.

30. No other action has been commenced at law, or otherwise, for the recovery of the sum, or any part thereof, secured by the notes and mortgages.

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

A. The Defendants and all other persons claiming under them or any other person whose conveyance was made or whose interest was created subsequent to the filing of a notice of pendency of this action in the Office of the Register of the City of New York, County of New York, be barred and foreclosed of all right, title, claim, lien and equity of redemption of the mortgaged premises, the personalty and fixtures attached to or used as a part thereof, and each and every part thereof.

B. The premises may be declared to be sold in one parcel according to law, subject to zoning restrictions and ordinances adopted by any municipal or other governmental authority, and any violations thereof; subject to any state of facts an accurate survey would show; subject to covenants and restrictions, if any, insofar as they are now in force, contained in former deeds or instruments of record; subject to violations, if any, noted in any federal, state or city agency having authority over the premises. The amount due Plaintiff on the notes and mortgages may be adjudged, from the money arising from the sale, Plaintiff be paid the amount due it on the notes and mortgages with interest to the time of such payment, the late charge as in the mortgages provided, the expenses of sale, attorneys' fees, and the costs and expenses of this action, together with any sum which may be paid or have

been paid by the Plaintiff for taxes, tax claims, water and sewer charges, assessments, fire insurance premiums, and other expenses of preservation of the mortgaged premises and the lien of mortgages upon the mortgaged premises, with appropriate interest thereon so far as such moneys properly applicable thereto will pay the same.

C.  The Plaintiff be decreed to be the owner of any personal property used in connection with the mortgaged premises.

D. A receiver be appointed to receive and collect the rents and profits of the premises during the pendency of this action with the usual powers.

E.  The Defendants, David Kislin and Leo Tsimmer, be adjudged to pay any deficiency which may remain after foreclosure of the mortgages.

F. That Defendants be adjudged to pay Plaintiff for all rents or other income derived from the collateral and collected by Defendants after demand by Plaintiff for such rents and or income.

G. This Court enter such other and further relief it deems meet under the circumstances.

Respectfully submitted,

By: */s/ Richard D. Grossman*
Richard D. Grossman
Attorney for Plaintiff

Richard D. Grossman
**Law Offices of Richard D. Grossman**
225 West Wacker Drive
Suite 1550
Chicago, IL  60606
(312) 750-9308